IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDI ANN MEJIA                                                               PLAINTIFF

      v.                                     CIVIL NO. 11-5063

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

### MEMORANDUM OPINION

      Plaintiff, Brandi Ann Mejia, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.**    **Procedural Background**:

      Plaintiff protectively filed her current applications for DIB and SSI on May 6, 2008, alleging an inability to work since April 25, 2008, due to chronic heart failure.  (Tr. 106-108, 114-116, 135).  An administrative hearing was held on October 7, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 8-40).

      By written decision dated January 27, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe.  (Tr. 50).

Specifically, the ALJ found Plaintiff had the following severe impairments: chronic heart failure, essential hypertension, obesity, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 50). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about 6 hours during an 8 hour work day and can stand and walk for at least 2 hours during an 8 hour work day. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can frequently handle and finger with her left upper extremity. The claimant is to avoid concentrated exposure to extreme temperatures, dusts, fumes, gases, odors, and poor ventilation. The claimant is to avoid even moderate exposure to hazards, such as unprotected heights and heavy machinery. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, coworkers, and usual work situations. The claimant can have occasional contact with the general public.

(Tr. 52). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an escort vehicle driver, an assembly worker, and an addressing clerk. (Tr. 55).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence, denied that request on January 10, 2011. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform sedentary work with limitations. After reviewing the record, the undersigned is troubled by the ALJ's mental RFC determination.

When finding Plaintiff could do basically unskilled work, the ALJ specifically addressed the medical assessment completed by Tami McCutchen, LCSW, who found Plaintiff had poor to no ability to work in seven areas of mental functioning. (Tr. 435-437). In discounting Ms. McCutchen's opinion, the ALJ, who found Ms. McCutchen to be a treating physician, stated that the assessment was contrary to Ms. McCutchen's treatment notes, as well as the record as a whole. (Tr. 54). As noted by Defendant in his brief, the Court points out that Ms. McCutchen, as a licensed social worker, is not an acceptable medical source per the regulations, and that because Ms. McCutchen is not an acceptable medical source her opinion is not considered a medical opinion. See 20 C.F.R. §§§§ 404.1513(a), 416.913(a), 404.1527(a)(2), 416.927(a)(2).

After reviewing the record, the undersigned is troubled by the fact that, with the exception of the opinion of Ms. McCutchen, no examining or non-examining medical professional opined as to Plaintiff's mental capabilities to perform in the work place. It appears in this instance that the ALJ looked at the medical records and determined, without the benefit of a medical professional's opinion, what mental limitations Plaintiff had in the work place. See Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). The ALJ also failed to address Plaintiff's alleged post traumatic stress disorder diagnosed in June of 2009, and the fact that at that time, Plaintiff's treating psychiatrist,

-5-

Dr. Ardell William Diessner, dropped Plaintiff's GAF score from a 52 to a 40. (Tr. 432). Nearly every court, including the Eighth Circuit Court of Appeals, has taken notice of the Diagnostic and Statistical Manual of Mental Disorders-IV, which explains that "[a] GAF between 41 and 50 indicates serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). See e.g. Cox v. Astrue, 495 F.3d 614, 620 n. 5 (8th Cir.2007) (noting, "[f]or added context, ... a GAF score in the forties may be associated with a serious impairment in occupational functioning"). After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's mental impairments.

On remand, the ALJ is directed to address interrogatories to Dr. Diessner asking him to review Plaintiff's medical records; to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for his opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative mental examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. §§ 404.1517, 416.917.

AO72A
(Rev. 8/82)

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV. Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of May, 2012.

/s/ *Erin L. Setser*
 HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE